UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-03-389-25 |
| § | CIVIL ACTION  NO. H-05-4082 |
| QUYEN CHI LY, § | |
| § | |
| Defendant-Movant. § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING § 2255 MOTION AND AMENDED MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is the United States' Motion for Summary Judgment Pursuant to Defendant's Plea Agreement Waiver and alternatively, Response and Motion for Dismissal (Document No. 1577), and Movant Quyen Chi Ly's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 1564).  Having considered Ly's Motion to Vacate, Set Aside or Correct Sentence, the United States' Motion for Summary Judgment, and summary judgment evidence attached thereto,[1] Ly's Traverse (Document No. 1580), the record of the proceedings before the District Court in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion for Summary Judgment be GRANTED, that Ly's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

---

[1] In connection with its Motion for Summary Judgment and alternative Motion for Dismissal, the United States asks that the record be expanded to include an affidavit from Ly's trial counsel, Don Ervin.  That request is granted.

I.      **Procedural History**

Movant Quyen Chi Ly ("Ly"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Ly's first motion pursuant to § 2255.

On December 10, 2003, Ly was charged in a superseding indictment with two counts of engaging in monetary transactions in criminally derived property of a value greater than $10,000, in violation of 18 U.S.C. § 1957(a), (b) (Counts 13 and 14). (Document No. 306). On March 18, 2004, Ly pled guilty to Count 13 pursuant to a written Plea Agreement. (Document Nos. 592 & 593). Thereafter, following the preparation of a presentence investigation report ("PSR"), to which Ly stated that he had no objections (Document No. 711), Ly was sentenced on June 17, 2005, to thirty-three months imprisonment, to be followed by a three year term of supervised release, and a $7500.00 fine. (Document No. 1393). A Judgment of Conviction was entered by the District Court on June 23, 2005. (Document No. 1409). Ly did not appeal. Instead, on or about November 30, 2005, Ly filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 1564). The Government, in response, has filed a Motion for Summary Judgment Pursuant to Defendant's Plea Agreement Waiver, or alternatively, Response and Motion for Dismissal (Document No. 1577), to which Ly has filed a Traverse in opposition (Document No. 1580). This § 2255 proceeding is now ripe for ruling.

II.     **Issues Presented**

Ly raises two inter-related claims in his § 2255 Motion to Vacate, Set Aside or Correct Sentence:

>  (1) that his trial counsel was ineffective for failing to have the Plea Agreement and the court proceedings properly translated for him, resulting in his entry of an unknowing and involuntary guilty plea; and
>
>  (2) that his trial counsel was ineffective for failing to file an appeal.

Given Ly's waiver in his written Plea Agreement of his right to appeal and his right to file a § 2255 proceeding, as well as Ly's assertions that he did not understand any of the proceedings because they were not properly translated for him, both of Ly's claims are dependent upon whether Ly's guilty plea, and his execution of the written plea agreement, were knowing and voluntary.

**III.    Discussion**

A defendant's waiver of his statutory right to collaterally challenge his conviction or sentence with a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Davila,* 258 F.3d 448, 451-52 (6th Cir. 2001). When, however, a defendant alleges that his counsel was ineffective in negotiating a plea agreement, such ineffectiveness claims survive the waiver if "the claimed assistance affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). In addition, such waivers do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir.), *cert. denied,* 126 S.Ct. 502 (2005).

Here, the expanded record establishes that Ly understood the Rearraignment proceedings, having had that proceeding translated by an official court interpreter, and likewise understood the Plea Agreement, having had that document translated for him by an interpreter he himself chose. In addition, the expanded record establishes that Ly's guilty plea, the execution of his plea agreement, and the waivers contained therein were knowingly and voluntarily entered.

The Plea Agreement, which contains the waiver of Ly's right to appeal and collaterally challenge his conviction or sentence with a § 2255 motion, provides as follows:

### WAIVER OF RIGHT OF APPEAL

14. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the defendant waives the right to appeal the plea, conviction and sentence (or the manner in which it was determined) on the grounds set forth in Title 18, United States Code, Section 3742, except for an upward departure. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

The defendant is also aware that the United States Constitution and the laws of the United States, including Title 28, United States Code, Section 2255, afford the defendant the right to contest or "collaterally attack" his conviction or sentence after his conviction has become final. Knowing that, the defendant knowingly waives his right to contest or "collaterally attack" his plea, conviction and sentence by means of any post-conviction proceeding.

15. In agreeing to this waiver, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Realizing the uncertainty in estimating what sentence the defendant will ultimately receive, the defendant knowingly waives his right to appeal in exchange for the concessions made by the United States in this plea agreement.

> 16.   The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the Probation Office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office and (d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u>.
>
> The defendant understands that the guideline range under the Sentence Guideline will be determined by the United States Probation Department and the Court and that their determination is not part of this agreement.
>
> 17.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and the defendant; it does not bind any other United States Attorney.

Plea Agreement (Document No. 593) at 8-9. Attached to the Plea Agreement is the affirmation of Ly, and the affirmation of Ly's counsel, in which both attest that Ly understood the charges against him, his rights, and the contents of the Plea Agreement, and in which both attest that Ly's guilty plea and his execution of the Plea Agreement were knowing and voluntary. *Id.* at 13-14.

The record further shows that at the Rearraignment proceeding the Court engaged in an extended colloquy with Ly, advising him of the charge and maximum penalties for the offense to which he was pleading guilty, the consequences of his plea, and his waiver of his right to appeal or collaterally challenge his conviction or sentence. Ly affirmed that he understood the charge to which he was pleading guilty, understood the maximum penalties, and understood the rights he was waiving, including his right to appeal and collaterally challenge his conviction and/or sentence. The following discourse took place on the record:

5

THE COURT: All right. The purpose of this hearing is to determine two things. First, I need to determine if you are mentally competent to participate in this hearing and understand what is happening here this morning. Second, I need to determine whether there is an independent basis in fact to support your plea of guilty to the offense charged against you, Mr. Atkins, in Count 1 of the superseding indictment and against you, Mr. Ly, in Count 13 of the superseding indictment. It is very important, therefore, that you understand my questions and statements to you and anything that any of the lawyers may say. If at any time you do not understand anything that I say to you or that the lawyers say, will you ask that it be repeated or rephrased in such a way that you clearly understand what is being said to you before you give your response to me?

\* \* \*

DEFENDANT LY: Yes, sir, I understand.

\* \* \*

THE COURT: All right. Mr. Ly, how old are you?

DEFENDANT LY: (In English.) I'm 36 years old.

THE COURT: And what is your full name?

DEFENDANT LY: Quyen Chi Ly.

THE COURT: How far did you go in school?

DEFENDANT LY: Three and a half years in Vietnam.

THE COURT: Did you have formal school in education?

DEFENDANT LY: No.

THE COURT: You are from Vietnam?

DEFENDANT LY: Yes, sir.

THE COURT: How long have you been in this country?

DEFENDANT LY: I came here since 1988, May 23rd.

THE COURT: And do you speak English?

DEFENDANT LY:  A little.

THE COURT:  Do you read English?

DEFENDANT LY:  Yes, a little.

THE COURT:  Where did you study your English?

DEFENDANT LY:  At work.

* * *

THE COURT:  Is there any reason that you can think of why you would not be able to understand what is happening here today?

DEFENDANT LY:  (In English)  Yes.  Yes, I understand.

THE COURT:  So, you do understand.  Is there anything that would keep you from understanding what is happening here today?

DEFENDANT LY:  I understand completely.

THE COURT:  All right.  And have you been able to talk with your lawyer again this morning before this hearing began?

DEFENDANT LY:  Yes.

THE COURT:  All right.  Now, have each of you received a copy of the superseding indictment pending against you, that is, the written charges filed in this case?

* * *

DEFENDANT LY:  Yes.

THE COURT:  Have you read it or had it read to you in Vietnamese?

DEFENDANT LY:  (In English)  Yes, sir.

* * *

THE COURT:  . . . Have each of you gone over this indictment with your own lawyer?

\* \* \*

DEFENDANT LY:  (In English)  Yes.

THE COURT:  Have you talked about the case in general with your lawyer?

\* \* \*

DEFENDANT LY:  (In English)  Yes.

\* \* \*

THE COURT:  – about how many times have you talked with your lawyer about this case?

DEFENDANT LY:  (In English)  Five times.

THE COURT:  And you've talked about the case in general with him?

DEFENDANT LY:  Yes.

THE COURT:  And are you fully satisfied with the counsel and representation and advice given to you by your lawyer?

DEFENDANT LY:  (In English)  Yes.

THE COURT:  You also went over the superseding indictment with your lawyer?

DEFENDANT LY:  (In English)  Yes.

THE COURT:  All right.  Now, I have received copies of plea agreements that your lawyer has negotiated with the government lawyer.  Have each of you received copies of this plea agreement?

\* \* \*

DEFENDANT LY:  (In English)  Yes.

THE COURT:  Have you read it?

\* \* \*

DEFENDANT LY:  (In English)  Yes.

THE COURT: Has it been read to you in Vietnamese, Mr. Ly?

DEFENDANT LY: Yes.

THE COURT: Have you been over it with your lawyer?

* * *

DEFENDANT LY: Uh-huh, yes.

THE COURT: Has your lawyer been able to answer all of your questions about the plea agreement, including its technical provisions?

* * *

DEFENDANT LY: (In English) Yes.

THE COURT: Do you feel that you understand it?

* * *

DEFENDANT LY: (In English) Yes, sir.

THE COURT: Is there anything that you want me to explain about this plea agreement?

* * *

DEFENDANT LY: No.

* * *

THE COURT: In your plea agreement, Mr. Ly –

DEFENDANT LY: (In English) Yes.

THE COURT: – it states in Paragraph 1, that you agree to plead guilty to Count 13 of the superseding indictment in this case. Count 13 charges you with engaging in monetary transactions and property derived from specified unlawful activity and aiding and abetting the same, in violation of federal law. Do you understand what it is you're proposing to plead guilty to?

DEFENDANT LY: (In English) Yes. Yes, sir.

* * *

9

THE COURT:  And Paragraph 2 of your agreement, Mr. Ly –

DEFENDANT LY:  (In English)  Yes, sir.

THE COURT:  – states that the government will not oppose a two-point reduction or a third point if permitted by the base offense level and is recommended by the probation office.  Do you understand, also, that the mere fact that the government does not oppose this does not necessarily mean that you receive that credit?  The Judge still needs to make that determination at sentencing, you understand?

DEFENDANT LY:  (In English) Yes, sir, I understand.

THE COURT:  In both of your plea agreements, Paragraph 2, it states that the government agrees to request that you be sentenced at the low end of the applicable guideline range.  Once again, the mere fact that the government requests that does not mean that you receive it.

* * *

DEFENDANT LY:  Yes, I understand.

* * *

THE COURT:  And you understand, also, that if the government makes this recommendation and I do not sentence you at the low end of the guideline range, you cannot withdraw your plea of guilty for that reason alone?

* * *

DEFENDANT LY:  (In English)  Yes, I understand.

THE COURT:  It also states in your Paragraph 2, Mr. Ly, that you're reserving the right to argue that you are entitled to a guideline reduction for your role in the offense.
    You have that right to make that argument, but you understand that the fact that you make the argument does not mean that you will receive a guideline reduction?  The Judge also has to make that determination, you understand?

DEFENDANT LY:  (In English)  Yes.

* * *

THE COURT: All right. Now, in this next section right before Paragraph 14, it's entitled "Waiver of Right of Appeal." In each of your plea agreements it states that you are aware of your right to appeal the sentence and knowing of that, you waive the right to appeal the plea, conviction, and sentence or the manner in which it is determined except for an upward departure, that is, an upward departure from the Sentencing Guidelines. Do you understand?

* * *

DEFENDANT LY: (In English) Yes, sir.

THE COURT: So, if I make a mistake in your sentence, you have to live with it. You can't appeal to a higher court, you understand, except for an upward departure?

* * *

DEFENDANT LY: (In English) Yes, sir, I understand.

THE COURT: All right. Then in the next paragraph it states that you are aware that the United States Constitution, Title 28, United States Code, Section 2255 affords you a right to contest or collaterally attack your conviction or sentence after the conviction has become final. Have you heard of a petition for writ of habeas corpus?

* * *

DEFENDANT LY: (In English) Yes, sir, I understand.

THE COURT: A petition for writ of habeas corpus is one of these types of collateral attacks, such as one under Section 2255.

DEFENDANT LY: (In English) Yes, sir.

THE COURT: Sometimes when the case is all over and the conviction is final, the sentence has been imposed, the defendant is in prison, the prisoner after this case has been finally concluded wants to file another lawsuit to challenge these proceedings on some constitutional basis. Do you understand?

DEFENDANT LY: (In English) Yes, sir.

* * *

THE COURT:  And you're giving up that right or waiving it so that you will not file such a proceeding.  Is that your agreement?

\* \* \*

DEFENDANT LY:  (In English)  Yes, sir.

THE COURT:  All right.  Well, I haven't been over all of the terms of this plea agreement or the plea agreement for the two of you, but is there any other part of the – of your particular plea agreement that you want me to explain to you, Mr. Atkins?

DEFENDANT ATKINS:  No, Your Honor.

THE COURT:  Mr. Ly?

DEFENDANT LY:  (In English)  No.

THE COURT:  Is there any part of my explanation that requires further clarification?

\* \* \*

DEFENDANT LY:  (In English)  No.

THE COURT:  Do you believe that you have any other agreement with the government except what is set forth in this written plea agreement?

\* \* \*

DEFENDANT LY: Yes.

THE COURT:  You think you have some other agreement, Mr. Ly, besides what is in this written plea agreement?

DEFENDANT LY:  (In English)  No.  No.

THE COURT:  All right.  Has anyone else made any kind of promise to you or assurance of any type in order to persuade you or induce you to plead guilty in this case?

\* \* \*

DEFENDANT LY:  (In English)  No.

THE COURT:  Has the government or anybody else coerced or threatened you or in any attempted to force you to plead guilty in this case?

* * *

DEFENDANT LY:  (In English)  No, sir.

THE COURT:  Now, you understand, both of you, that the offenses to which you're proposing to plead guilty are felony offenses –

DEFENDANT ATKINS:  Yes, Your Honor.

THE COURT:  – that if your pleas are accepted, you will be adjudged guilty of that offense, that such adjudication may deprive you of valuable civil rights, such as the right to vote, the right to serve on a jury, the right to hold public office, the right to possess any kind of firearms, and if you are not a citizen of the United States, could adversely affect your immigration status to the United States.  Do you understand that those are all probable consequences of pleading guilty?

* * *

DEFENDANT LY:  (In English)  I understand, yes, sir.

THE COURT:  All right.  Now, have each of you talked with your lawyer about what the maximum penalties and mandatory minimum penalty is for the offenses that you're proposing to plead guilty to?

* * *

DEFENDANT LY:  (In English)  Yes.

* * *

THE COURT:  And, Mr. Ly –

DEFENDANT LY:  (In English)  Yes, sir.

THE COURT:  – with respect to this offense with which you're charged on monetary – money laundering, engaging in a monetary transaction in criminally-derived property of greater value than $10,000, this offense carries with it a term in prison of not more than ten years; a fine of $250,000 or an alternate fine of not

more than twice the amount of the criminally-derived property involved in the transaction; a term of not more than three years of supervised release; and a special assessment of $100. Has all of that been explained to you?

DEFENDANT LY: (In English) Yes.

\* \* \*

THE COURT: Now, so you see then, each of you, what the possible consequences of your plea of guilty may be in terms of what the maximum possible sentence may be, and in your case, Mr, Atkins, what the mandatory minimum sentence is?

\* \* \*

DEFENDANT LY: (In English) Yes, sir.

\* \* \*

THE COURT: Now, have each of you talked with your lawyer about how the United States Sentencing Commission Guidelines the judges must follow may apply in your case?

\* \* \*

DEFENDANT LY: (In English) Oh, yes, yes.

THE COURT: And you understand that once I've determined what the guideline range is for your case then, that in some instances the Judge may have the authority to impose a sentence more severe or that is less severe than what is called for by the guidelines?

\* \* \*

DEFENDANT LY: (In English) Yes, sir.

THE COURT: Do you also understand that under certain circumstances either you or the government would have a right to appeal any sentence that I impose to a higher court, except to the extent you've waived and given up your right to appeal in these written plea agreements?

\* \* \*

DEFENDANT LY: (In English) Yes, sir, I understand.

> THE COURT: Now, you have a right to plead not guilty and if you plead not guilty and persist in that plea, then you will have the right to a trial by jury, during which you would also have the right to the assistance of counsel for your defense, the right to see and hear all of the witnesses and have them cross-examined in your defense, the right on your own part to decline to testify unless you voluntarily elected to do so in your own defense, the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to come to court to testify in your defense. Do you understand that under our system you would have all of those rights if you pled not guilty?
>
> * * *
>
> DEFENDANT LY: (In English) Yes.
>
> THE COURT: But by entering a plea of guilty, if I accept you plea, then there will be no trial and you will have waived and given up your right to a trial and all of those other rights associated with a trial that I just described to you.
>
> * * *
>
> DEFENDANT LY: (In English) Yes, I understand.
>
> * * *
>
> THE COURT: All right. Is there any other advice you believe I need to give your client under Rule 11, Mr. Ervin?
>
> MR. ERVIN: No, Your Honor.
>
> THE COURT: And do you know of any reason why Mr. Ly would not be competent to enter a knowing and voluntary plea or any reason why he should not enter a plea of guilty?
>
> MR. ERVIN: I know of no reason, Your Honor.

Rearraignment Transcript (Document No. 1573) at 5-6, 8-16, 19-26, 33-34. Upon this clear record, Ly's after-the-fact complaints about his ability to understand the proceedings, the contents and consequences of his guilty plea, and the execution of the Plea Agreement, including the waivers contained therein, are self-serving and contradicted by the record as a whole.

Moreover, in an affidavit he filed to dispute Ly's claims of ineffectiveness, Ly's trial counsel, Don Ervin, stated that Ly understood the proceedings, understood the provisions of the Plea Agreement, including the waiver provisions, and entered a knowing and voluntary plea. Mr. Ervin set forth the following factual basis in support of his conclusion that Ly's guilty plea, his execution of the Plea Agreement, and his waiver of his right to appeal and/or file a collateral § 2255 proceeding were knowing and voluntary:

> Mr. Ly alleges that counsel failed to provide his client with a single document translated into the Chinese language nor did he have the documents read to Mr. Ly in Chinese. This is incorrect. Mr. Ly has a working knowledge of English and counsel was able to communicate with him in all but highly technical matters. When documents of this nature, including the plea agreement, and all related matters had to be explained to Mr. Ly, counsel had them read to him and explained to him by the Chinese-language interpreter of his choice, Simon Tang. Mr. Tang is both an interpreter and an attorney. Mr. Tang would accompany Mr. Ly to counsel's office in the many meetings there and would assist with any translations. On a number of occasions, Mr. Tang would accompany Mr. Ly to court. Counsel was unable to get an affidavit from Mr. Tang because he is presently out of the country. Mr. Tang's Houston address is 5847 San Felipe, Houston, Texas 77248 and his phone numbers are (713) 818-0707 and (281) 859-3682.
>
> Mr. Ly alleges that the indictment, plea agreement, PSI, and the objections to the PSI and "all other documents" he ". . . had no idea as to the contents or meaning of those documents at the time of the proceedings in this case or even now." This is incorrect, because the specifically mentioned documents were translated orally for him in counsel's presence and were discussed in both English and Chinese as were other important documents. Counsel is certain that Defendant fully understood them. Counsel is also convinced that with Mr. Ly's understanding of English and of all matters related to the plea and sentencing, which Mr. Ly was aided by the "court-provided interpreter," despite any dialectic differences, and that he fully understood the proceedings. His answers to the questions of the Court were his own.
>
> In response to the allegation that Mr. Ly informed counsel that he had "no knowledge of criminal conduct as charged in the indictment in the case," it is admitted that Defendant found it hard to believe that financial crimes could be and were in fact punishable crimes. Counsel went to great lengths with and without the

16

interpreter to explain that tax fraud and money laundering were against the law and crimes that one could go to prison for. Counsel explained that the evidence against Mr. Ly for the crime he was charged with was strong and that he did not believe that Mr. Ly could prevail at trial.

The allegation that counsel told Mr. Ly initially " . . . that the Government had nothing on him and he would get the charges dismissed" is a falsehood. Counsel made it plain to Mr. Ly that no result was guaranteed and that an assessment of the case would come only after reviewing discovery. Counsel never said "we must plead guilty because we can't win even if you are innocent!" That determination was made prior to the guilty plea that he was, in fact, guilty of the charge he pled to. As previously stated, counsel made certain that Mr. Ly understood and had translated all instruments that he signed. This would necessarily include the "signed confession" alluded to by Mr. Ly.

With regard to the allegation that counsel did not file notice of appeal, it was clearly stated in the plea bargain agreement that Mr. Ly, as part of the agreement, waived his right to appeal. This was carefully translated and explained to him. There was never an understanding between Mr. Ly and counsel that he would file a notice of appeal. Counsel is certain Mr. Ly understood this.

Counsel carefully reviewed the evidence in this case and found that all elements of the offenses could be clearly made by the Government at trial. Prior to his plea of guilty, Mr. Ly was also aware of this fact. All credible evidence was considered in the investigating process.

Counsel did not threaten Mr. Ly that " . . . he would be sentenced to 30 years in prison if he did no[t] accept the plea agreement." Counsel did inform Mr. Ly that he was not charged in the conspiracy in this case, although he might have been because his indicted conduct might well constitute acts that would that would make it possible to be charged in the conspiracy. If he were to proceed to trial, counsel advised, the Government might supercede his indictment and include him in the conspiracy. This, counsel advised, would put him in a guideline range comparable to that of his brother, Simon Ly. This may have been in the range of 30 years, as Mr. Ly knew. This was a discussion with Mr. Ly and not a threat.

Counsel is certain Mr. Ly understood the nature and consequences of his plea. Counsel's final conversation, just after sentencing, with Mr. Ly was to the effect that he understood everything and that he knew we had made the right decision in proceeding the way that we had and that he appreciated my efforts very much.

Exhibit "A" to the United States' Motion (Document No. 1577). While Ly contests, with argument, the contents of Mr. Ervin's affidavit, Ly has come forth no controverting evidence and no evidence to overcome the statements he made on the record at the Rearraignment proceeding as to the knowing and voluntary nature of his plea. *See Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("we give the statements during the colloquy greater weight than we give unsupported, after- the-fact, self-serving revisions").[2] Moreover, the record is wholly devoid of any complaints by Ly, prior to the filing of his § 2255 motion, of his inability to understand any of the court proceedings.

Upon this record and following a careful review of the Rearraignment Transcript, the Sentencing Transcript, and the Presentence Investigation Report,[3] all of which reflect that Ly was aware of the charge to which he was pleading guilty, the penalties he faced, and the rights he was waiving in connection with his guilty plea, it can only be concluded that Ly's guilty plea, Ly's execution of the Plea Agreement, and Ly's waiver of his right to appeal and collaterally challenge his conviction and/or sentence were all knowing and voluntary. As such, the waivers in Ly's Plea Agreement are enforceable and, pursuant thereto, this § 2255 proceeding is subject to dismissal.

---

[2] Given Ly's assertion that he does not speak, read or write English, an assertion that is belied by the record, coupled with his representation that his § 2255 Motion and his Traverse were translated and typed by an unidentified fellow inmate, the factual assertions in Ly's § 2255 Motion and Traverse do not constitute admissible controverting evidence.

[3] According to the Presentence Investigation Report, Ly became a naturalized United States citizen in 2002. PSR at ¶ 54. In addition, he was interviewed by the probation officer in English. PSR ¶ 60.

**IV.     Conclusion and Recommendation**

Based on the foregoing and the conclusion that Ly's guilty plea, and his waiver of his right to appeal and file a § 2255 proceeding were knowing and voluntary, the Magistrate Judge

RECOMMENDS that Government's Motion for Summary Judgment (Document No. 1577) be GRANTED, that Movant Quyen Chi Ly's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 1564) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 4th day of October, 2006.

Frances H. Stacy
United States Magistrate Judge